**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAKA KWANZAA,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATOR REYNOLDS, *et al.*,<br><br>Defendants. | Civil Action No. 25-19061 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon the order of the Honorable Susan D. Wigenton, U.S.D.J., (ECF No. 46) directing limited review of Plaintiff Chaka Kwanzaa's ("Plaintiff") claims under Local Civil Rule 40.1(h). The Court determines that Plaintiff's claims against Judge Wigenton in the Third Amended Complaint (the "TAC") (ECF No. 43) are barred by judicial immunity.

Plaintiff's allegations concerning Judge Wigenton are limited to two notes at the top of the TAC stating: (1) "Note: All named [j]udges are being sued 'only [f]or [a]dministrative errors only'"; and (2) "Note: To hinder [r]ei[]terating dates and times [f]or de[f]endants (Reynolds, K. Williams[,] Wigenton, Combs, . . . ) Plainti[ff] asserts claims, dates and times noted in the [September 1, 2026,] [l]eave to amend on [f]ile." (TAC 1.) In the second "note," Plaintiff is referencing his September 1, 2026, correspondence and motion regarding leave to file an updated amended complaint (ECF Nos. 31-32). Neither of these filings references Judge Wigenton or specific actions she has taken.

Under Local Civil Rule 40.1(h), this Court's role is to determine whether this action against Judge Wigenton is "patently frivolous or judicial immunity applies." The Court finds that, even if Plaintiff has stated a nonfrivolous claim concerning Judge Wigenton's alleged "administrative errors," Judge Wigenton is immune from any such claims because "judges maintain immunity for [judicial] actions taken in error." *Stephens v. Martini*, No. 22-1971, 2022 WL 1237786, at *3 (D.N.J. Apr. 26, 2022) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 183 (3d Cir. 2009)); *see also Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of h[er] duties has absolute immunity from suit and will not be liable for h[er] judicial acts . . . . [even if] the action [s]he took was in error[.]" (citation omitted)). Plaintiff has pleaded no facts suggesting that the exceptions to judicial immunity—whether in actions seeking damages or injunctive relief—apply here. (*See generally* TAC); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (describing two exceptions for damages claims); *Azubuko*, 443 F.3d at 304 (describing exceptions for injunctive relief claims).

Accordingly,

**IT IS**, on this 16th day of October 2026, **ORDERED** as follows:

1. Plaintiff's claims against Judge Susan D. Wigenton are **DISMISSED**.
2. The Clerk of Court shall notify the Chief Judge of this decision to allow for a determination about reassignment of this case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE