**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAKA KWANZAA,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATOR REYNOLDS, *et al.*,<br><br>Defendants. | Civil Action No. 25-19061 (SDW) (CF)<br><br>**WHEREAS OPINION & ORDER**<br><br>October 28, 2026 |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Chaka Kwanzaa's ("Plaintiff") Third Amended Complaint, (D.E. 43 ("TAC")), and this Court having previously granted Plaintiff's application to proceed *in forma pauperis*, (D.E. 10), reviews Plaintiff's TAC pursuant to 28 U.S.C. § 1915(e)(2)(B);

**WHEREAS** pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case upon determining the action fails to state a claim upon which relief may be granted. Federal Rule of Civil Procedure ("Rule") 8(a) states: "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts

apply the same standard under Rule 12(b)(6) to *sua sponte* dismiss a complaint for failure to state a claim. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** the TAC contains claims for "administrative errors" against several judicial officers. (*See, e.g.*, TAC at 1.) "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can only be overcome in two instances—for actions not taken in a judicial capacity or for actions taken in a complete absence of all jurisdiction. *Id.* at 9, 11–12; *see McLeod v. Fifth Judicial Dist. of Pa.*, No. 20-1362, 2022 WL 13986832, at *2–3 (D.N.J. Oct. 24, 2022) (holding a *pro se* plaintiff's claims against a judge and law clerk were barred by absolute judicial immunity where the complaint did not allege facts implicating exceptions to the immunity doctrine). Here, the allegations contained in Plaintiff's TAC do not concern actions which fall within either one of the two exceptions to judicial immunity. Plaintiff's claims against judicial officers are barred by the doctrine of judicial immunity and are hereby **DISMISSED WITH PREJUDICE**; and

**WHEREAS** this Court also finds that Plaintiff's TAC is comprised of conclusory statements and fails to even make out "threadbare recitals of the elements of a cause of action." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff's TAC lacks factual underpinnings, with Plaintiff failing to identify basic information such as the facility where some of the alleged injuries occurred. Plaintiff also

purports to allege due process and misidentification claims, but fails to identify who violated his rights, let alone what specific constitutional or statutory bases he proceeds under.[1] Overall, it is unclear what claims Plaintiff purports to assert, let alone the legal bases for said claims; therefore

**IT IS**, on this 28th day of October 2026,

**ORDERED** that Plaintiff's claims against judicial officers are **DISMISSED WITH PREJUDICE**, and it is further

**ORDERED** that the remaining claims in Plaintiff's Third Amended Complaint are *sua sponte* **DISMISSED WITHOUT PREJUDICE**.[2] Plaintiff shall have thirty (30) days to amend his complain and failure to do so may result in this matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**SO ORDERED.**

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Cari Fais, U.S.M.J.

---

[1] For the same reasons, this Court finds Plaintiff's request that the matter be "treated as a class action" misplaced and improper. (D.E. 43 at 1.)

[2] Plaintiff's Motion for Leave to Supplement Claims, (D.E. 51), is duplicative of his Third Amended Complaint and provides no greater clarity on either the nature or basis for this litigation. Thus, the Motion for Leave to Supplement Claims is **DENIED**.